UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK S.[1],

                Plaintiff,

v.                                                        CASE # 20-cv-01039

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FREDERICK LAW OFFICES, PLLC<br>  Counsel for Plaintiff<br>4467 S. Buffalo St.<br>Orchard Park, NY 14127 | SARAH A. FREDERICK, ESQ. |
| LEWIS L. SCHWARTZ, PLLC<br>  Counsel for Plaintiff<br>1231 Delaware Ave<br>Suite 103<br>Buffalo, NY 14209 | LEWIS L. SCHWARTZ, ESQ. |
| JAMES P. RATCHFORD<br>  Counsel for Plaintiff<br>1207 Delaware Ave<br>Suite 208<br>Buffalo, NY 14209 | JAMES P. RATCHFORD, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KRISTINA D. COHN, ESQ.<br>MARIA P FRAGASSI<br>  SANTANGELO, ESQ.<br>KATHRYN S. POLLACK, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

**MEMORANDUM-DECISION and ORDER**

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I. **RELEVANT BACKGROUND**

　A. **Factual Background**

Plaintiff was born on May 13, 1959 and has at least a high school education. (Tr. 154, 194). Generally, plaintiff alleged disability due to severe coronary artery disease. (Tr. 193). His alleged onset date of disability is April 27, 2017 and the date last insured is December 31, 2023. (Tr. 175).

　B. **Procedural History**

On April 27, 2017, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 154-55). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On July 16, 2019, plaintiff appeared before ALJ John R. Allen who issued a written decision on July 26, 2019, finding plaintiff not disabled under the Social Security Act. (Tr. 12-32, 39-59). On June 11, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since April 27, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*)

3. The claimant has the following severe impairments: coronary artery disease with history of coronary artery bypass graft, obesity, and lumbar degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant is precluded from climbing ladders, ropes, or scaffolds. The claimant is also precluded from work at unprotected heights, or around hazardous machinery.

6. The claimant is capable of performing past relevant work as a director and a clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, at any time from April 27, 2017, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 12-26).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ erred in substituting his own lay judgment for that of a physician and in failing to develop the record. (Dkt. No. 21 at 10 [Pl.'s Mem. of Law]). Second, plaintiff

argues the ALJ erred in his assessment of plaintiff's symptom intensity and subjective complaints. (*Id*. at 17).

### B. Defendant's Arguments

In response, defendant offers three countering arguments. (Dkt. No. 23 [Def.'s Mem. of Law]). First, defendant contends the ALJ properly evaluated medical source opinion evidence to assess the RFC for a range of light work.  (*Id*. at 17). Second, defendant argues the ALJ properly relied on the totality of the evidence in assessing the residual functional capacity. (*Id.* at 24). Lastly, defendant argues the ALJ properly evaluated plaintiff's subjective complaints. (*Id*. at 27).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

    **A.**  Opinion Evidence

Plaintiff argues the RFC is not supported by substantial evidence because the ALJ relied on a stale opinion and therefore used his own lay opinion in formulating the RFC. (Dkt. No. 21 at 12). Plaintiff asserts that the ALJ interpreted raw medical data to formulate the function-by-function physical RFC after a successful cardiac surgery. (*Id.*). Indeed, the ALJ considered the opinions of State Agency review physician Dr. Miller on October 11, 2017 (Tr. 395), State Agency review internist Dr. Ehlert on October 31, 2017 (Tr. 65-66), and State Agency review cardiologist Dr. Arcega on November 17, 2017. (Tr. 75). The ALJ also evaluated the October 24, 2017 opinion of Dr. Lee that plaintiff is limited from activities requiring mild or greater exertion (Tr. 401) but found Dr. Lee's limitation to be only partially persuasive, as Dr. Lee's opinion is much more restrictive than that of the three review physicians. (Tr. 22). Plaintiff does not allege any error in this analysis but asserts a cardiac surgery and complication in December 2018 and March 2019 is evidence of decompensation and therefore the ALJ relied on stale opinion evidence in formulating his RFC. (Dkt. No. 21 at 13).  This Court finds the ALJ's RFC was based on substantial evidence.

It is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2) and §§ 416.946(c), 416.927(d)(2). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains

sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."). The ALJ properly considered medical and opinion evidence from Drs. Lee, Ehlert and Arcega, and nearly 600 pages of medical records, to reach the well-supported RFC for light work with additional postural and environmental limitations. (*See* Tr. 19-22).

Generally, an opinion issued during a relevant period is not stale. *Andrews v. Berryhill,* No. 17-cv-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018). ALJ Allen extensively discussed examination findings from both before and after the December 28, 2018 coronary artery bypass grafting. (Tr. 20-21). The ALJ observed that the objective medical evidence did not support plaintiff's alleged symptoms of or their limiting effects, that plaintiff's exams were inconsistent with plaintiff's allegations of disabling symptoms, and that objective imaging showed that plaintiff had a good recovery post-surgery with normal findings. (Tr. 23, *citing* Tr. 837). There were no complications during surgery however on March 6, 2019, plaintiff underwent a pericardial window, having 950cc of fluid drained (Tr. 21, *citing* Tr. 472, 828). The record indicates that Dr. Merhige's and Dr. Harbison's physical examinations, including the physical examinations after plaintiff's surgery, contained benign results that did not undermine the medical opinions of Drs. Lee, Elhert or Arcega. (*See* Tr. 431-32, 447, 505, 509, 512, 515, 518, 523-24, 842-43, 857, 861). As of January 17, 2018, Dr. Merhige also considered plaintiff to be asymptomatic from a cardiovascular standpoint. (Tr. 422, *repeated at* Tr. 446). In a follow-up visit with Dr. Harbison

on March 15, 2019, plaintiff reported that he was feeling well since surgery and had no new complaints, and had a physical examination that showed no weakness, no edema and a good healing wound. (Tr. 21, *citing* Tr. 828-29). Plaintiff had another stress test on April 20, 2019, which showed a normal symptomatic response with exercise and good exercise tolerance for age. (Tr. 21, *citing* Tr. 836). There was also no electrocardiographic evidence of ischemia at the level of exercise reached. (Tr. 21, *citing* Tr. 837).

ALJ Allen appropriately assessed an RFC based on all relevant evidence, including objective medical evidence, medical history, clinical findings, prescribed treatment and claimant's own descriptions of limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). See, e.g., *Bamberg v. Comm'r of Soc. Sec.*, No. 18-CV-00337-DB, 2019 WL 5618418, at *5 (W.D.N.Y. Oct. 31, 2019) ("In this case, the ALJ discussed the subsequent medical evidence in detail, and there is no indication that any later-received evidence 'raise[s] doubts as to the reliability of [the consultative examining physician's] opinion.'") (quoting *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2012)) (internal record citation omitted). The ALJ advised that plaintiff's reported activities of daily living included a wide range of activities that showed little restrictions, illustrating that he was capable of handling personal care, making meals, lifting and carrying, and exertional activities consistent with the residual functional capacity assessment. (Tr. 23, citing Tr. 200-08).

Plaintiff argues the ALJ failed to fully develop the record but does not allege any missing records, only that additional medical opinions should have been obtained. (Dkt. No. 21 at 15). Plaintiff has not cited evidence supporting greater limitations but disagrees with how the ALJ evaluated the evidence. When substantial evidence of record supports the ALJ's determination of

the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order).

### B. Subjective Complaints

Plaintiff argues that the ALJ's RFC determination is not supported because the ALJ did not properly consider plaintiff's pain complaints and intensity under 20 C.F.R. § 404.1529 in compliance with SSR 16-3p. (Dkt. No. 20 at 17-24). Specifically, plaintiff argues the ALJ's reliance on plaintiff's failure to lose weight and follow prescribed treatment was contrary to the regulations. (*Id.*). Defendant responds only the ALJ was permitted to consider recommended treatment in evaluating symptomatology under SSR 16-3p and also identifies other factors considered by the ALJ in considering the subjective complaints and symptom intensity. (Dkt. No. 23 at 29).

SSR 16-3p (effective March 28, 2016) provides guidance on how to evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims, under the regulations at 20 C.F.R. § 404.1529. SSR 16-3p eliminates the use of the term credibility to "clarify that subjective symptom evaluation is not an examination of the individual's character" and it also aims to "more closely follow our regulatory language regarding symptom evaluation." *Fisk v. Colvin*, 2017 WL 1159730 (W.D.N.Y. Mar. 29, 2017). Under SSR 16-3p an ALJ's decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

In this case, the ALJ found plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 23). Plaintiff takes issue with ALJ Allen's consideration of the

plaintiff's lack of adherence to suggestions of weight loss, and his weight gain throughout the record as inconsistent with medical advice. (Tr. 22). Although the ALJ referenced SSR 16-3p in his discussion of plaintiff's obesity impairment, the ALJ properly considered plaintiff's lack of compliance with prescribed treatment in the context of all his impairments. (Tr. 22-23). The ALJ supported his conclusion by citing multiple notations in the record in which treating providers, on different occasions, counseled plaintiff on appropriate diet and exercise. (Tr. 19-20).

Nonetheless, any error in discussing non-compliance or failure to follow prescribed treatment as it relates to plaintiff's obesity would be harmless because the ALJ relied on other factors in assessing plaintiff's subjective complaints (Tr. 23) and substantial evidence supports the ALJ's overall determination. As discussed above, the ALJ also observed that objective imaging showed that plaintiff had a good recovery post-surgery with normal findings, and that the examinations showed that he retained good strength, range of motion, and sensation. (Tr. 23, *citing* Tr. 440, 837, 864).

In addition to considering plaintiff's non-compliance with exercise and dietary changes, the ALJ considered plaintiff's activities of daily living. As discussed above, clinical findings, imaging and opinion evidence from multiple sources contradicted plaintiff's claims of extreme limitations. *See Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (per curiam)(In determining a claimant's residual functional capacity, an ALJ must evaluate a claimant's subjective complaints and determine whether they are consistent with the record as a whole). Specifically, plaintiff claimed that he had no problems with his personal care, prepared breakfast for himself, ironed, and washed the dishes. (Tr. 201-03). Plaintiff stated that his impairments had no effect on his ability to sit, stand, reach or use his hands, but that he could not lift more than 30 lbs. and could not walk for long periods. (Tr. 205). The ALJ also reasonably noted plaintiff had a good recovery

post-surgery with normal findings. (Tr. 17). *See* 20 C.F.R. § 416.929(c)(3)(iv) (stating an ALJ must consider the effectiveness of treatment); *see also Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (ALJ properly considered a doctor's statement that plaintiff's medical condition had improved with treatment).

Plaintiff also argues the evaluation of plaintiff's allegations of symptom intensity also did not take into account plaintiff's long work history. To be sure, plaintiff worked for 35 years for the city of Buffalo and for the last 10 years as the director of an entire department (Permits and Inspections) with his 2018 salary being $85,139.68. (Tr 44-45, 174, 194). As argued by defendant, the ALJ referenced plaintiff's long work history at the hearing and also cites in his decision doctors' reports that discuss plaintiff's tenure as a city of Buffalo employee (Tr. 44-45, 431, 856). More significantly, a claimant's work history is just one of many factors that the ALJ is instructed to consider in weighing the credibility of claimant testimony. *Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011) (Work history, however, is "just one of many factors" appropriately considered in assessing credibility.); *See also Johnson v. Astrue*, No. 07-CV-0322C, 2009 WL 3491300, at *7 (W.D.N.Y. Oct. 23, 2009) ("While a plaintiff with a good work history is entitled to substantial credibility when claiming they are no longer able to work, ... [a solid work history] cannot be a substitute for evidence of a medically supported disability.").

In sum, the Second Circuit has recognized that, while the ALJ is required to take the claimant's reports of pain and other limitations into account under 20 C.F.R. § 404.1529, the ALJ is not required to accept the claimant's subjective complaints without question. *Genier*, 606 F.3d at 46, 49. The ALJ's consistency findings are entitled to deference as long as they are sufficiently specific and supported by substantial evidence. *See Tricarico v. Colvin*, 681 F. App'x 98, 101 (2d Cir. 2017) (citing *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1988)); *Wright*

*v. Berryhill*, 687 F. App'x 45, 49 (2d Cir. 2017) (finding no basis for disturbing ALJ's credibility finding, given the sharply limited scope of the Court's review, and where ALJ had adequately explained reasons that were supported by substantial evidence).

**ACCORDINGLY**, it is

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 21) is
>> **DENIED**; and it is further
>
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 23) is
>> **GRANTED**.

Dated: November 16, 2021  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge